RECEIVED

MAR 23 2010

CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
HELENA

Case 6:10-cv-00014-DWM   Document 1   Filed 03/23/10   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT, FOR THE

DISTRICT OF MONTANA – HELENA   DIVISION

No. _____

| | |
|---|---|
| RON SMITH, WILLIAM GOLLEHON, and All Others in Like Circumstances<br>Plaintiffs,<br><br>-vs-<br><br>MIKE MAHONEY, TOM WOODS, DENISE DEYOTT, and JOHN DOES<br>Defendants. | APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ron Smith, and William Gollehon and All Others in Like Circumstances, Plaintiffs and Files for this Application For Temporary Restraining Order complaining of, Mike Mahoney, Tom Woods, Denise Deyott, and John Does, and for cause of action would respectfully show this Court as follows:

## I PARTIES

Plaintiffs are Ron Smith, William Gollehon, and all others in like situation, individuals who reside at Montana State Prison, Powell County, Deer Lodge. Defendants Mike Mahoney, Tom Woods, Denise Deyott, and John Does are individuals who work at Montana

State Prison, in Powell County, Deer Lodge, and may be
served with Citation at that address.

### II.

Plaintiffs are inmates at the Montana state prison
(MSP) asking to have the Defendants stopped from
continuing to infringe on their constitutional rights,
namely, their possessory interests in their property,
their due process, their First Amendment rights and
their right to be free from unwarranted persecution. The
Defendants are state employees acting under color of law
in violation of the laws and constitution of Montana and
Federal. In the cause before the Court, Defendants have
made non-penologically and therefore unjustified changes
to policy wherein Defendants declared previously approved
property as contraband violating Plaintiffs' protected
property interest. On April 1st, 2010 Defendants intend to
make these non-penologically motivated changes to policy.
Of Defendants are allowed to continue with this change
prior to Plaintiffs being heard, they will take these
items from all inmates incarcerated in the "Max Custody"
housing blocks.

### III.

Defendants have made the decision to enact these changes
from a wholly personal standpoint based on punitive ideals.
The Montana Constitution and laws require that inmates
housed in any Montana correctional facilities should

benefit from their experience to the extent that they will be better citizens upon their release. To achieve this result inmates are subject to rehabilitative measures and programs which will give them the start necessary to change their ways of thinking and living. Defendants have brought their personal contempt and dislike for inmates into the system in disregard for those ideals, and in direct violation of the Montana constitution.

### IV.

Plaintiff has made numerous attempts to discuss this matter with Defendants and Defendants have refused to cease and desist said behavior, which is the subject of the cause of action in this suit.

### V.

Plaintiff asks this Court to restrain Defendants from: ) Punishing them for good behavior; 2) from refusing photo copied materials that are sent in from outside sources; including, and specifically, but not limited to, religious items; 3) from not holding proper pre-deprivation hearings prior to returning what is considered, "Undeliverable" mail; 4) from taking any property from inmates without due process pre-deprivation hearings and in disregard for inmates' protected possessory interests in the said property. It is essential that the Defendants be restrained from the aforementioned conduct immediately and without

notice hereof or hearing hereon, because there is no harm done to Defendants by this action. If Defendants were to prevail, said deprivations would simply be reinstated and carried on from that point until completion.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays for the following:

1) That a Temporary Restraining Order be issued restraining Defendants from the aforementioned behavior;

2) That Plaintiff recover all costs and expenditures incurred herein;

3) That Plaintiff have such other and further relief to which he may be entitled, including court costs expended in its behalf.

Respectfully submitted

Ron Smith Pro se

William Guilehon

William Guilehon Pro se