RECEIVED

MAR 23 2010

CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
HELENA

Ron Smith # 20055
Montana State Prison
700 Conley Lake Rd
Deer Lodge, MT 59722

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA      DIVISION

| | |
|---|---|
| Ron Smith, William Gollehon and All Others in Like Circumstances<br><br>            Plaintiffs,<br><br>-vs-<br><br>Mike Mahoney, Tom Woods, Denise DeYott, and John Does<br>            Defendants. | Cause No. _____<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

STATEMENT OF THE CASE

This is a civil rights action brought under 42 U.S.C. 1983 by state prisoners whos First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights are being violated by the Defendants in this cause. The Plaintiffs seek a temporary restraining order and preliminary injunction to ensure that the said actions do not go on until this litigation can be fully and properly dealt with in a court of law.

STATEMENT OF FACTS

. As stated in the declaration submitted with this motion,

the Defendants are punishing Plaintiffs for good behavior; they refuse to allow photocopied materials, which includes religious materials; refuse to hold proper pre-deprivation prior to returning what is considered "Undeliverable" mail; intend to take property owned by inmates in spite of their protected possessory interests to the contrary.

The Defendants against whom relief is sought are, respectively Warden Mike Mahoney, Security Major Tom Woods, Mailroom Supervisor Denise Deyott, and John Does, for their disregard and indifference to Plaintiffs' plight.

ARGUMENT

POINT I

THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

A. The plaintiff is threatened with irreparable harm.

Most of the violations which are at issue in this motion for Temporary Restraining Order and Preliminary Injunction have already taken place. The Defendants are intending to implement those restrictions in the very near future which are not already in place, namely the planned deprivations of Plaintiffs' protected possessory interests in their property. For those violations which are already taking place the harm has been done. Once the harm has taken place there is no recourse, what's done is done. That is why Plaintiffs come before this Court to ask that the Defendants be stopped from further violations which would then also be irreversible.

The Defendants, in their zeal to punish the people who have been placed in their custody, ignoring the state laws and constitution of rehabilitation, have implemented their own policies of accountability and made the decision to infringe on, disregard, or take away, the rights which are at issue here. Battle v Anderson, 447 F.Supp 516 (S.D.N.Y. 1977); Wolfish v Levi, 439 F.Supp. 114 (S.D.N.Y. 1977), "People are sent to prison AS punishment, not FOR punishment." "When inmates are afforded the opportunity to possess property, they enjoy a protected interest in that property that cannot be infringed without due process." Mascoe v. Hankins, 720 F.2d 863, 869 (5th Cir. 1983); Abbott v. McCotter, 13 F.3d 1439, 1443 (10th Cir. 1994); Bryant v. Barbara, 11 Kan.App.2d 165, 717 P.2d 522, 524 (Kan. App 1986). Defendants have shown contempt for numerous inmates' rights in the face of protected possessory interests of inmates and clearly established law. None more so than Plaintiffs who, because of their sentences are not allowed to proceed within the system no matter how they act and yet exhibit exemplary behavior. Now they are being punished for that good behavior. Defendants intend to take items from inmates that they were allowed to purchase through the prison commissary.

Defendants refuse photocopied materials that are sent in including but not specific to religious articles. Lawson v. Dugger, 840 F.2d 779 (11th Cir. 1988), "restrictions imposed by prison officials on inmates' access to religious literature.

should be scrutinized under a strict MARTINEZ Standard of review, as restrictions impinged on First Amendment rights of non-prisoners." Defendants instituted a policy wherein no pre-deprivation hearings are held for any items deemed "Undeliverable" by the prison mailroom supervisor. Defendants have even taken it a step further in that items are returned to sender without any "Undeliverable Notice" to the inmate. Griffin v. Lombardi, 946 F.2d 604 (8th Cir. 1991); Phelps v. U.S. Federal Government, 15 F.3d 735 (4th Cir. 1994), "Prisoners have a recognized First Amendment interest in receiving mail ... that right to send and receive mail may be restricted only for legitimate penological interests." Crofton v. Roe, 70 F.3d 957 (9th Cir. 1999), "First Amendment protects the flow of information to prisoners, and any limitations must be reasonably related to a legitimate penological interest."

B. The balance of hardships favors the plaintiffs.

The Defendants cannot be hurt by the granting of a Temporary Restraining Order and Preliminary Injunction. Even if they were able to show just cause for continuing actions against Plaintiffs, they would still be able to do so after the issue had been heard in court. They lose nothing in the interim.

C. The plaintiffs are likely to succeed on the merits.

The Plaintiffs have a great likelihood of success on the merits. The Ninth Circuit court and the surrounding circuits have all determined that inmates have protected

-4-

possessory interests in their property. The Montana Supreme Court and the Montana constitution have both stated that inmates incarcerated at Montana state prisons are subject to rehabilitative processes. By the continual removal of items that forward behavior conducive to rehabilitation, Defendants are not only guilty of Federal constitutional violations, but also, the state constitution and legislative directives.

D. The relief sought will serve the public interest.

In this case, the grant of relief will serve the public interest. It is always in the public interest for prison officials to obey the law.

## POINT II

THE PLAINTIFFS SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim relief is asked to post security. Rule 65(c), Fed.R.Civ.P. However, the Plaintiffs are indigent prisoners and unable to post security. The Court has discretion to excuse an impoverished litigant from posting security.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion in its entirety.

Dated this 20 day of March 2010.

Ron Smith Pro se

William Gollehon

William Gollehon Pro se

-5-