FILED
MAR 23 2010
PATRICK E. DUFFY, CLERK
BY DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| RON SMITH, WILLIAM GOLLEHON, and all others in like circumstances,<br><br>Plaintiffs,<br><br>vs.<br><br>MIKE MAHONEY, TOM WOODS, DENISE DEYOTT, and JOHN DOES,<br><br>Defendants. | Cause No. CV 10-00014-H-DWM<br><br>ORDER |

Plaintiffs have attempted to initiate this action with the filing of an Application for Temporary Restraining Order and Preliminary Injunction. (Court Doc. 1). This raises several concerns. First, Plaintiffs cannot properly initiate a civil action with an application for a restraining order, they must file a complaint. See Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."). No complaint has been filed in this matter.

Secondly, in order to institute a civil action in federal court a plaintiff must either pay a filing fee of $350.00 as required by 28 U.S.C. § 1914(a) or file a motion to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiffs did

-1-

neither.

Finally, following the analysis by United States Magistrate Judge Carolyn Ostby in *Swenson v. MacDonald*, No. CV 05-93-GF-SEH-CSO (D. Mont. Jan. 30, 2006 (Doc. 5)), and followed by United States Magistrate Judge Jeremiah C. Lynch in *Raymos v. Hopwood, et. al.*, No. CV-06-154-M-DWM-JCL (D. Mont. Oct. 11, 2006 (Doc. 7)) and by United States Magistrate Judge Keith Strong in *Glick v. DOC, et al.*, No. CV-07-39-H-DWM-RKS (D. Mont. July 16, 2007 (Doc. 12)), the Court will not allow pro se plaintiffs to proceed together in one action.

To the extent Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction might be considered immediately (given the stated April 1, 2010 property policy implementation date) despite the failure to correctly initiate a civil action, the Court finds that it should be denied.

Plaintiffs seeks both a temporary restraining order and a preliminary injunction against Defendants to restrain Defendants (1) from punishing them for good behavior; (2) from refusing photocopied materials that are sent in from outside sources, including and specifically but not limited to religious items; (3) from not holding proper pre-deprivation hearings prior to returning what is considered "undeliverable" mail; (4) from taking any property from inmates without due process pre-deprivation hearings, and (5) from taking property owned

by inmates in spite of their protected interests to the contrary.

Plaintiffs contend that on April 1, 2010, Defendants intend to put into effect policy changes and confiscate previously approved property as contraband.

First, Plaintiffs' request for a preliminary injunction will be denied for failure to satisfy the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiffs themselves in this case, as they proceed pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiffs have not satisfied either requirement.

Moreover, the Prison Litigation Reform Act ("PLRA") states that

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . .

18 U.S.C. § 3626(2).

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003).

Alternatively, the moving party may demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor. *Johnson*, 72 F.3d at 1430 (emphasis added); *see also Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1298 (9th Cir. 2003). The Ninth Circuit has stated that these alternatives represent "extremes of a single

continuum" rather than two separate tests and thus, the "greater the relative hardship to (the party seeking the preliminary injunction), the less probability of success must be shown." *Clear Channel*, 340 F.3d at 813.

Generally, preliminary injunctive relief is designed to preserve the status quo until the court has an opportunity to hear the lawsuit on its merits. *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Initially, the Court notes that it is disinclined to interfere with the day to day operations of the prison facilities in Montana unless or until there has been a judgment finding that a violation of the United States Constitution is being perpetrated by the department. State prison officials are given deference in day-to-day prison operations due to separation of powers and federalism concerns. *Turner v. Safley*, 482 U.S. 78, 84-85 (1987).

Secondly, since Plaintiffs have not filed a Complaint it is not clear precisely what federal claims they intend to assert. Moreover, Plaintiffs provided no factual background or basis for their claims. Simply put, Plaintiffs have failed to establish a strong likelihood of success on the merits. Since there is no factual background

given in Plaintiffs' filings and no verified Complaint or affidavits, there is no way to determine the merits of these claims. Plaintiffs have filed a Motion for Judicial Notice seeking to have Court consider the Application for Temporary Restraining Order without affidavits. This the Court cannot do. Without a factual basis for the claims at issue, there is nothing upon which the Court can make its determination. Plaintiffs' motion will be denied.

Finally, Plaintiffs have not established irreparable injury. Even if a property policy goes into effect on April 1, 2010 which may effect Plaintiffs' constitutional rights, there is no showing that it would cause irreparable harm to Plaintiffs. While some of the property they currently have in their cells may not longer be allowed after April 1, 2010, there is no showing that such a taking would irreparably harm the Plaintiffs. Plaintiffs can fully litigate this matter and if successful they may retrieve their property. There is no showing of irreparable harm.

Therefore, Plaintiffs' Application for preliminary and temporary injunctive relief will be denied.

Based on the foregoing, the Court issues the following:

## ORDER

1. Plaintiffs' Application for Temporary Restraining Order and Preliminary

Injunction (Court Doc. 1) is **DENIED.**

2. Plaintiffs' Motion for Judicial Notice is **DENIED.**

3. This Clerk of Court is directed to close this matter. Should Plaintiffs want to pursue these matters, they must file separate civil Complaints on the appropriate forms with the prescribed filing fees or applications to proceed in forma pauperis.

4. The Clerk of Court is directed to send Plaintiffs the appropriate forms for filing a civil complaint and a motion to proceed in forma pauperis.

Dated this 24 day of March, 2010.

9:48 a

Donald W. Molloy, District Judge
United States District Court